UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a Massachusetts
Corporation,

       Plaintiff,
vs.                              CASE NO.: 8:09-cv-2143-T-33TBM

SOUTHEASTERN MECHANICAL
SERVICES, INC., a Florida
Corporation, SOUTH TEXAS
ELECTRIC COOPERATIVE,
INC., a Texas Corporation,
and BRAZOS ELECTRIC POWER
COOPERATIVE, INC., a
Texas Corporation,

       Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to defendants South Texas Electric Cooperative, Inc. and Brazos Electric Cooperative, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and, in the alternative, Forum Non Conveniens (Doc. 19), filed on December 9, 2009. On March 24, 2010, plaintiff Liberty Mutual Fire Insurance Company filed a response in opposition to the Motion. (Doc. 31.) For the reasons that follow, the Court will grant the Motion.

**I.**   **Factual Background and Procedural History**

This is a declaratory judgment action in which Liberty

Mutual requests that this Court declare that Liberty Mutual does not have a duty to indemnify Southeastern in a claim brought against Southeastern by South Texas and Brazos.[1] Liberty Mutual contends that there is no coverage under the insurance policy as a whole, and specifically under exclusions A, J (5 and/or 6), L, and M. (Doc. 1 at 11-14.) In response to Liberty Mutual's complaint, South Texas and Brazos have filed a Motion to Dismiss for Lack of Personal Jurisdiction, and, in the alternative, Forum Non Conveniens. (Doc. 19.) The facts giving rise to these developments are set out in the paragraphs below.

San Miguel Electric Cooperative, Inc., a Texas corporation with its principal place of business in Christine, Texas, is an electric cooperative that generates and sells electricity through an electric generation facility that it owns and operates near Christine, Texas. (Doc. 1 at 3.) South Texas and Brazos are both Texas corporations, and both purchase electricity from San Miguel. (Id.) South Texas' principal place of business is in Nursery, Texas and Brazos' principal place of business is in Waco, Texas. (Id. at 2.)

---

[1] South Texas and Brazos filed suit against Southeastern in February of 2009, in the United States District Court, Western District of Texas, San Antonio Division, Case No. 09-CA-0053. (Doc. 1 at 2.)

Southeastern Mechanical Services, Inc. is a Florida corporation with its principal place of business in St. Petersburg, Florida. Southeastern is in the business of industrial welding for industries such as electrical utilities. (Id. at 3.)

In Spring 2007, San Miguel scheduled an outage at its Generation Plant to perform maintenance. (Id. at 3.) After discovering thinning of boiler tubes, San Miguel consulted with Southeastern regarding the proper repair for the tubes, and the two companies then entered into a contract for repairs on March 29, 2007. (Id. at 4.)

In accordance with the contract's purchase order, Southeastern was to weld overlay the boiler tubes with alloy 70-S to repair the thinning boiler tubes. (Doc. 1 at 4.) However, during the course of Southeastern's weld overlay work, improper welding rods were used in the performance of the weld overlay of the thin tubing. (Id.) It later became apparent from subsequent testing that the improper welding rods had resulted in leaks in the repaired tubes. (Id.) Due to numerous unsuccessful repair attempts by Southeastern, the plant was shut down for longer than its planned outage and, thus, South Texas and Brazos were forced to purchase electricity from other sources, and at a higher cost. (Id.)

3

## II. General Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 373 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. S & Davis Int'l, Inc. v. The Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir. 2000). Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

**III. <u>Analysis</u>**

To determine jurisdiction over a non-resident defendant, courts must engage in a two part analysis. <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990). First, courts are to consider the jurisdictional question under a state's long-arm statute. <u>Id.</u> If there is a basis for asserting personal jurisdiction under the state statute, courts must next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment, so that "maintenance of the suit does not offend traditional notions for fair play and substantial justice." <u>Id.</u> (citing <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)). A federal or state court may only exercise personal jurisdiction if both prongs of the analysis are satisfied. <u>Id.</u>

Here, Liberty Mutual's only argument concerning this Court's jurisdiction over South Texas and Brazos is entirely dependent on San Miguel's jurisdictional status. Liberty Mutual argues that this Court has jurisdiction over South Texas and Brazos because these defendants have "myriad contacts" with San Miguel. (Doc. # 31 at 2). Specifically, Liberty Mutual argues that South Texas and Brazos "are subject to personal jurisdiction under Florida's Long Arm Statute, because their contacts with Florida, <u>through San Miguel</u>, are

5

substantial and not isolated." (Doc. 31 at 4)(emphasis added). Further, Liberty Mutual asserts that San Miguel's contacts with Florida should be imputed to South Texas and Brazos due to an agency relationship between San Miguel, South Texas, and Brazos.[2]

However, on June 18, 2010, this Court entered an Order in the related case of 8:09-cv-2144-T-33TBM dismissing San Miguel as a defendant for lack of personal jurisdiction. (Doc. 37). This Court found, among other things, that "San Miguel does not fall within the reach of the Florida Long-Arm Statute, and thus asserting jurisdiction over San Miguel would be improper under Florida law." (8:09-cv-2144-T-33TBM, Doc. 37 at 16). The Court further determined that "asserting jurisdiction over San Miguel in Florida would violate Due Process, because San Miguel has not established minimum contacts, and traditional notions of fair play and substantial justice do not compel assertion of jurisdiction over San Miguel." (Id.)

Due to this Court's finding that San Miguel lacks sufficient contacts with Florida under the Florida Long-Arm

---

[2] Along these lines, Liberty Mutual argues, "San Miguel operates solely as the conduit" of South Texas and Brazos, and "the agency relationship between San Miguel and STEC/Brazos imputes San Miguel's Florida contacts to STEC/Brazos." (Doc. 31 at 4, 7.)

Statute and the Fourteenth Amendment's Due Process requirements, it follows that there can be no personal jurisdiction over South Texas or Brazos in Florida due to a similar lack of sufficient contacts.[3]

IV. **Conclusion**

Based on the forgoing analysis, the Court finds that South Texas and Brazos lack sufficient contacts with Florida to satisfy the requirements of both the Florida Long-Arm Statute and the Fourteenth Amendment's Due Process Requirements. Therefore, the Court grants the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 19.)

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 19) is **GRANTED.**
2. South Texas and Brazos are dismissed from the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[3] Due to this Court's finding that it lacks personal jurisdiction over South Texas and Brazos, the Court need not address defendants' Forum Non Conveniens arguments.

Copies to:

All counsel of record